IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY M. REYNOLDS and REBECCA J. REYNOLDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>ALLSTATE LIFE INSURANCE COMPANY and DOES 1 THROUGH 100, INCLUSIVE,<br><br>        Defendants. | No. CV-F-05-0874 REC SMS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT.<br><br>(Doc. 37) |

On Monday, March 13, 2006, the Court heard Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion"). Upon due consideration of the written and oral arguments of the parties and the record herein, the Court DENIES the Motion as set forth herein.

**I.     Background**

The facts, as set forth in the First Amended Complaint ("FAC") are as follows. On January 28, 1988, Plaintiff Harry M. Reynolds ("Mr. Reynolds") obtained a life insurance policy bearing policy number 786 447 846 (the "Policy") from Defendant

Allstate Life Insurance Company ("Allstate"). Mr. Reynolds is the named insured under the Policy. Plaintiff Rebecca J. Reynolds ("Ms. Reynolds") is the beneficiary under the policy. On August 28, 1989, an amendment increased the face amount of the policy.

In August 1989, Mr. Reynolds authorized Allstate to make automatic payment deductions from his bank account. On August 29, 1989, Allstate sent Mr. Reynolds a letter indicating that, as a result of processing difficulties, it would stop drafting from Mr. Reynolds's account. Thereafter, from time to time, Allstate sent Mr. Reynolds a statement directing him to pay certain premiums. Mr. Reynolds mailed payments in response to these statements. Mr. Reynolds has no record of receiving statements in late 2002 and 2003. He did not notice that he had stopped receiving statements until March 2003.

Mr. Reynolds's premium payment was due January 28, 2003. The Policy provided for a thirty-day grace period in which Plaintiffs could make a late payment and allow the Policy to remain in force.[1] The grace period expired February 28, 2003.

---

[1] The Policy provides, on page 8:

> **Grace Period** — If you do not make your premium payment by its due date, we will allow a grace period of 31 days. This contract will be inforce [sic] during the grace period. If you do not make your premium payment by the end of the grace period, this contract will stop unless there is a paid-up benefit as defined in the section called CASH VALUES AND PAID UP BENEFITS.

FAC Ex. A.

On March 24, 2003, John Corr, a Life Agent for Allstate, spoke to Ms. Reynolds on the telephone. He stated that it was necessary that Mr. Reynolds pay $1,322.80 to reinstate the Policy. Shortly thereafter, Mr. Reynolds delivered a check for $1,322.80 to Mr. Corr. FAC Ex. D. Mr. Corr accepted the check. Mr. Reynolds believed that he forwarded it to Allstate. On April 18, 2003, Allstate deposited the check in to its bank account. FAC Ex. E. On June 11, 2003, Allstate refunded $1,322.80 to Mr. Reynolds on the grounds that coverage had terminated. FAC Ex. F.

On June 7, 2005, Plaintiffs Mr. Reynolds and Ms. Reynolds (collectively "Plaintiffs") filed a Complaint in the Kern County Superior Court against Allstate.[2] The Complaint was removed to this court.

Allstate previously filed a motion to dismiss for failure to state a claim, which the Court granted with leave to amend on August 30, 2005. On December 12, 2005, Plaintiffs filed the FAC. On February 6, 2006, Allstate filed this Motion. Plaintiffs have not filed an opposition brief. On March 6, 2006, Allstate filed a reply brief.

**II.    Discussion**

    **A.    Legal Standard**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

---

[2] Mr. Reynolds, who is an attorney, is representing himself and his wife in this action.

3

1  to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99,
2  2 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint
3  against a Rule 12(b)(6) challenge, a court must "accept all
4  material allegations in the complaint as true and construe them
5  in the light most favorable to the plaintiff." N. Star Int'l v.
6  Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The Court
7  need not, however, "accept legal conclusions cast in the form of
8  factual allegations if those conclusions cannot reasonably be
9  drawn from the facts alleged." Clegg v. Cult Awareness Network,
10 18 F.3d 752, 754-55 (9th Cir. 1994).

11      A complaint may be dismissed as a matter of law if there
12 is a lack of a cognizable legal theory or if there are
13 insufficient facts alleged under a cognizable legal theory.
14 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
15 1990).  The Court must determine whether or not it appears to a
16 certainty under existing law that no relief can be granted under
17 any set of facts that might be proved in support of a plaintiff's
18 claims. De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978),
19 cert. denied, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072
20 (1979).  The Court may consider the complaint itself along with
21 any material properly considered as part of the complaint.
22 Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
23 1555 n. 19 (9th Cir. 1989).  Where the complaint fails to state a
24 claim on which relief can be granted, leave to amend "shall be
25 freely given when justice so requires." Fed. R. Civ. P. 15(a);
26 Allen v. Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

**B.  First Cause of Action for Breach of Contract**

Allstate argues that dismissal of the breach of contract claim is appropriate because the FAC does not establish the existence of a contract.  "To state a cause of action for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." Harris v. Rudin, Richman & Appel, 74 Cal. App. 4th 299, 307 (1999).  California courts construe insurance contracts, like contracts generally, to give effect to the mutual intentions of the parties. Boghos v. Certain Underwriters at Lloyds of London, 36 Cal. 4th 495, 501 (2005).  Contractual language governs where it is "clear and explicit." Id. (quoting Bank of the W. v. Super. Ct., 2 Cal. 4th 1254, 1264 (1992)).  Ambiguous terms are interpreted to protect the "'objectively reasonable expectations of the insured.'" Bank of the W., 2 Cal. 4th at 1265 (quoting AIU Ins. Co. v. Super. Ct., 51 Cal. 3d 807, 822 (1990)).  Where a federal court considers contractual documents beyond the face of the complaint in the context of a motion to dismiss for failure to state a claim, it should "strive to resolve any contractual ambiguities in [the nonmoving party's] favor." Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995).  "[T]he construction of ambiguous contract provisions is a factual determination that precludes dismissal on a motion for failure to state a claim." Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992).

Allstate contends that the Policy terminated when the grace period lapsed on February 28, 2003, after Plaintiffs failed to pay the premium due January 28, 2003. Plaintiffs do not allege that they paid the premium before the grace period ended. Rather, they claim that they made a payment of $1,322.80 to Mr. Corr on March 24, 2003, almost a month after the end of the grace period. FAC ¶ 17. Allstate deposited the check into its bank account. FAC ¶ 25.

It appears that Plaintiffs are contending that the late payment entitled them to reinstatement of the Policy. Page 8 of the Policy provides:

> **Reinstatement** — You may reinstate this contract up to 5 years past the due date of the first payment not made by the end of the grace period. You may not use this right if you stopped this contract by asking us to pay you the cash value. We will reinstate the contract if you:
>
> 1. Give us the proof we require that the insured is still insurable;
>
> 2. Pay all due payments not yet made with compound interest from the due date of each premium payment; and
>
> 3. Pay or ask us to reinstate any loan with compound interest from the due date of the first payment not yet made.

FAC Ex. A.

Allstate contends that Plaintiffs are not entitled to reinstatement because they have not alleged that they have met,

6

1  or attempted to meet, the first requirement.  The first
2  requirement provides that Allstate will reinstate the contract if
3  Plaintiffs "[g]ive us the proof we require that the insured is
4  still insurable; . . ."  FAC Ex. A.  Allstate contends that this
5  language puts the onus on Plaintiffs to take some affirmative
6  step to provide certain "proof [Allstate] requires."

7       The word "require" can mean "[t]o have as a requisite,"
8  which could refer to compulsion under an existing predefined
9  obligation.  Webster's II:  New Riverside University Dictionary
10 999 (1988).  On the other hand, it can also have the meaning
11 "[t]o call for as appropriate:  DEMAND" or "[t]o command,"
12 definitions which imply the act of asking or ordering something
13 of someone.  Id. 999.  Under the latter category of meanings, a
14 plausible reading of the first requirement for reinstatement is
15 that Plaintiffs must give Allstate whatever proof of insurability
16 that Allstate requests of them.

17       From the face of the FAC and the exhibits that Plaintiffs
18 have attached thereto, however, the Court cannot locate any
19 language that defines what proof, if any, Allstate requires of a
20 party seeking reinstatement.  Such language, if present, would
21 indicate that "proof we require" refers to specific preexisting
22 obligations.  From the face of the FAC, however, it does not
23 appear that the "proof we require" language imposes an obligation
24 to produce proof beyond what Allstate demands.  Even in its
25 briefs supporting the Motion, Allstate does not point to any
26 existing requirement that Plaintiffs submit any particular proof

7

that Mr. Reynolds was still insurable.  Nor do the FAC and the attached documents indicate that Allstate has demanded any proof from Plaintiffs.

Plaintiffs allege that Mr. Reynolds "has duly performed each and every condition and obligation of the policy issued by [Allstate] required to be performed by Plaintiff except for those which have been excused . . . ."  FAC ¶ 28.  In the context of a motion to dismiss for failure to state a claim, the Court will not rule out a plausible reading of the Policy that supports Plaintiffs' claim.  See Int'l Audiotext Network, 62 F.3d at 72.  The Court finds that under a conceivable set of facts, Allstate did not require Plaintiffs to submit any proof that Mr. Reynolds was insurable.  Under those facts, the allegations in the FAC establish that Plaintiffs fulfilled all the requirements for reinstatement.  Thus, by alleging that Allstate refused to reinstate the Policy, Plaintiffs have stated a claim for breach of contract.[3]

Therefore, Allstate's motion to dismiss this cause of action is DENIED.

**C.  Second Cause of Action for Fraud**

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false

---

[3] The Court finds that Plaintiffs have stated a claim that they met the requirements for reinstatement of the Policy under its present terms.  Therefore, the Court need not decide whether Mr. Corr's statements modified the terms of reinstatement or whether reinstatement is appropriate under an estoppel theory.

8

1  representation, concealment or nondisclosure); (b) knowledge of
2  falsity (or 'scienter'); (c) intent to defraud, i.e., to induce
3  reliance; (d) justifiable reliance; and (e) resulting damage."
4  Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004).

5  Allstate contends that this claim fails because
6  Plaintiffs attribute a different statement to Mr. Corr in the FAC
7  from what they alleged in the Complaint.  In the Complaint,
8  Plaintiffs alleged, "On or about March 24, 2003, Plaintiff
9  Rebecca J. Reynolds received a telephone call from John Joseph
10 Corr . . . stating that a payment of $1,322.80 was due on said
11 policy in order to keep it in force."  Compl. ¶ 12.  In the FAC,
12 the allegation states,

> March 24, 2003 and prior to the time
> that Plaintiff Harry M. Reynolds paid
> the premium as demanded, Defendant
> Allstate . . . made false
> representations that the life insurance
> policy would be reinstated if Plaintiff
> Harry M. Reynolds paid the sum of $1,322
> to Defendant Allstate.  The false
> representations were made orally and in
> person to Plaintiff Rebecca J. Reynolds.

19 FAC ¶ 32.  Allstate contends that the alleged promise that the
20 "policy would be reinstated"  (FAC ¶ 32) is inconsistent with the
21 promise that the payment would "keep it in force" (Compl. ¶ 12),
22 and so the latest claim should be disregarded.

23 The Court does not agree that the FAC contradicts the
24 Complaint.  The fact that Mr. Corr made a certain representation
25 on or around March 24, 2004, does not logically foreclose that he
26 made a separate similar statement.  In other words, Mr. Corr

9

1  might have promised that payment would cause the Policy to "be
2  reinstated" and gone on to also say that reinstatement would have
3  the result of keeping it "in force."  While one of these
4  statements might have been technically false, Mr. Corr may
5  nevertheless have made both.  Furthermore, it would not
6  necessarily be an outright falsehood, though it might be slightly
7  inaccurate, for Plaintiffs to have characterized an offer to
8  reinstate the Policy as an offer to keep the Policy "in force."
9  The Court accepts as true Plaintiffs' allegation that Mr. Corr
10 stated that Allstate would reinstate the Policy upon payment of
11 the premium.  See N. Star Int'l, 720 F.2d at 580.

12      Allstate contends that Plaintiffs' fraud claim is not
13 actionable because they do not allege a misrepresentation of a
14 past or existing fact, but rather a future fact.  Representations
15 about future events are deemed to be opinions and generally are
16 not actionable.  Neu-Visions Sports v. Soren, 86 Cal. App. 4th
17 303, 309-10 (2000).  A promise to perform in the future, however,
18 implies the present intention to perform.  Agosta, 120 Cal. App.
19 4th at 603 (citing Lazar v. Super. Ct., 12 Cal. 4th 631, 638
20 (1996)).  Courts view a false promise of future performance as an
21 implied misrepresentation of fact that can be actionable fraud.
22 Id. (citing Lazar, 12 Cal. 4th at 638).

23      Mr. Corr's alleged statement that Allstate would
24 reinstate the Policy upon payment of the premium was the
25 statement of an existing fact:  that Allstate at that time
26 intended to perform the action of reinstating the policy.  See

10

1  Lazar, 12 Cal. 4th at 639 (holding that false representation to
2  prospective employee that his job would be "permanent and secure"
3  and that he would receive "significant increases in salary"
4  supported recovery in tort on a misrepresentation theory);
5  Agosta, 120 Cal. App. 4th at 607 (holding that defendant's
6  promise of a compensation package that he never intended to
7  provide plaintiff was an actionable misrepresentation).  The
8  Court finds that Plaintiffs have alleged that Allstate made a
9  misrepresentation of an existing fact under a promissory fraud
10 theory.

11       Allstate also argues that Plaintiffs could not
12 justifiably rely on Mr. Corr's assertion inasmuch as it was
13 inconsistent with the policy.  Allstate argues that Plaintiffs
14 knew that (1) no agent could modify the terms of the Policy; (2)
15 that they had not complied with the requirements for
16 reinstatement under the Policy; and (3) that no Allstate officer
17 had approved the reinstatement.  As the Court held above,
18 however, under a conceivable set of facts, Plaintiffs have met
19 the Policy's requirements for reinstatement.  If they met those
20 requirements, then they would have no reason to be aware that Mr.
21 Corr's statement that Allstate would reinstate the Policy was
22 false, and they would be justified in relying on his assertion.

23       Allstate also contends that Plaintiffs have failed to
24 meet the heightened pleading requirements for allegations of
25 fraud.  To satisfy Rule 9(b) of the Federal Rules of Civil
26 Procedure, a complaint for fraud must "'state the time, place,

11

1  and specific content of the false representations as well as the
2  identities of the parties to the misrepresentation.'"  Edwards v.
3  Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004).  This
4  requirement is read in conjunction with Rule 8, which requires a
5  "short and plain statement of the claim," and calls for "simple,
6  concise, and direct" allegations.  Fed. R. Civ. P. 8; see
7  Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679
8  (6th Cir. 1988).

9      Plaintiffs allege that on or about March 24, 2003, Mr.
10 Corr called Ms. Reynolds.  FAC ¶ 15, 32.  At that time, Mr. Corr
11 told her that it was necessary to pay $1,322.80 to reinstate the
12 Policy.  FAC ¶ 16.  The Court finds that these allegations
13 sufficiently set forth the time, place, and content of and
14 parties to the misrepresentation.

15      Accordingly, Allstate's motion to dismiss the fraud claim
16 is DENIED.

17    **D.  Third Cause of Action for Declaratory Relief**

18      Allstate again moves to dismiss this cause of action on
19 the ground that Plaintiffs have failed to allege facts that
20 demonstrate that the Policy remained in effect or that Plaintiffs
21 met the requirements for reinstatement.  For the reasons
22 mentioned above, Plaintiffs have alleged facts sufficient to
23 support a claim that they were entitled to reinstatement of the
24 Policy.  Accordingly, Allstate's motion to dismiss this cause of
25 action is DENIED.

26

12

**E.     Punitive Damages**

Though a breach of contract claim cannot support a claim for punitive damages, a court may award such damages on a fraud claim that plaintiff brings in the same proceeding as a claim for breach of contract. Walker v. Signal Cos., 84 Cal. App. 3d 982, 996 (1978). Under California Civil Code section 3294, punitive damages, termed "exemplary damages," are available based on "clear and convincing evidence that the defendant has been guilty of oppression, *fraud*, or malice, . . . ." Cal. Civ. Code § 3294(a) (emphasis added). Under that section, "'[f]raud means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Civ. Code § 3294(c)(3).

Plaintiffs have alleged that Allstate purposefully misrepresented its intention to reinstate the Policy. The alleged intent of Allstate was to induce Plaintiffs to "pay the premium demanded." FAC ¶ 34. Thus, Allstate's alleged intent was to "depriv[e] a person of property," specifically, to deprive the Plaintiffs' of their premium payment. See Cal. Civ. Code § 3294(c)(3). The Court finds that Plaintiffs have stated a claim for punitive damages.

**ACCORDINGLY,** Allstate's Motion to Dismiss Plaintiffs' First Amended Complaint is DENIED.

IT IS SO ORDERED.

**Dated:  March 16, 2006**                     **/s/ Robert E. Coyle**
810ha4                                                         UNITED STATES DISTRICT JUDGE